## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LIQUID HOLDINGS GROUP, INC. *et al.*, | ) | Case No. 16-10202 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| ALFRED T. GIULIANO, solely in his | ) | |
| capacity as chapter 7 trustee for the jointly | ) | |
| administered chapter 7 bankruptcy estates | ) | |
| of Liquid Holdings Group, Inc. and Liquid | ) | |
| Prime Holdings, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 18-50151 (KG) |
| | ) | |
| v. | ) | |
| | ) | |
| GIBSON, DUNN AND CRUTCHER LLP | ) | |
| | ) | |
| Defendant. | ) | **Re: Adv. Dkt. No. 6** |

## <u>MEMORANDUM OPINION</u>

Before the Court is the motion (the "Motion") of Gibson Dunn & Crutcher LLP

(the "Defendant") to dismiss with prejudice an adversary complaint (the "Complaint")

filed by Alfred T. Giuliano, the chapter 7 trustee for the jointly administered bankruptcy

estates of Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC (the "Trustee"),

pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)")[1]. For the reasons

discussed below, the Court will grant the Motion but will dismiss the Complaint without

prejudice enabling the Trustee to file an amended complaint if he deems it appropriate.

---

[1] Rule 12(b)(6) is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

## FACTS[2]

On January 27, 2016 (the "Petition Date"), Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Compl. ¶ 10. On February 25, 2016, the Court entered an order converting the chapter 11 cases to cases under chapter 7. Compl. ¶ 12. Prior to the Petition Date, Debtors and Defendant entered into business agreements, pursuant to which the Debtors purchased goods and/or services from Defendant. Compl. ¶ 15-16.  On October 30, 2015, the Debtors transferred $480,000 to Defendant as payment for such goods and/or services. Compl. ¶ 16, 18, 25; Compl. Ex. A, at 1.

The Trustee, seeking to avoid and recover the $480,000 transfer, filed the Complaint [Adv. D.I. 1] on January 25, 2018. In the Complaint, the Trustee alleges that the $480,000 transfer constitutes a preferential or fraudulent pre-petition transfer, and further seek to disallow any claims of Defendant against Debtors pursuant to section 502(d).[3] Compl. ¶ 2. On May 18, 2018, Defendant filed the Motion [Adv. D.I. 6] with

---

[2] For purposes of Defendant's motion to dismiss, the Court "must accept all of the [C]omplaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[3] The Court's references throughout the Memorandum Opinion to "sections" are to sections of the Bankruptcy Code.

prejudice. The parties briefed the Motion and on October 25, 2018, the Court heard argument on the Motion and thereafter took the matter under advisement.

## STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) is inextricably linked to Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)"), which provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Over a decade ago, in its seminal *Twombly* decision, the Supreme Court ushered in the modern era of notice pleading under Rule 8(a)(2). The Court observed that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The *Twombly* standard is one of "plausibility" and not "probability" - "it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* at 556.

The Supreme Court again addressed the Rule 8(a)(2) notice pleading standard in its *Iqbal* decision. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). The *Iqbal* decision clarifies that the *Twombly* plausibility standard applies to all civil suits filed in federal courts and identifies two "working principles" underlying the *Twombly* decision. *Id.* at 678. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

The United States Court of Appeals for the Third Circuit synthesized the preceding authorities in its *Fowler* decision:

> [A]fter *Iqbal,* when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted). With these principles in mind, the Court will proceed with its analysis of the Defendant's motion to dismiss.

## DISCUSSION

The Court's short exposition of the facts serves to underscore the extreme weakness of the Complaint's factual allegations. A Rule 12(b)(6) motion is, after all, meant to test the sufficiency of a complaint's factual allegations. *See Twombly*, 550 U.S. at 555-56. In the Trustee's opposition to the Motion, the Trustee repeatedly asks the Court to consider additional background information not contained in the Complaint, which is inappropriate. *See Iqbal*, 556 U.S. at 678-79; *Fowler*, 578 at 210-11. The Court is duty-bound to accept only the Complaint's well-pleaded facts as true and, drawing on the Court's "judicial experience and common sense," conduct a context-specific analysis to determine if the pleaded facts permit the Court to "infer more than the mere possibility of misconduct" – *i.e.* plausibility. *Fowler*, 578 F.3d at 210-11. The Court will proceed with such an analysis below on a claim-by-claim basis. The Trustee's limited and generic factual allegations ultimately make it a relatively easy task to grant the Motion.

### A.    Count I – Avoidance of Preferential Transfer

In the Complaint's first Count, the Trustee alleges that the $480,000 transfer that Defendant received during the ninety days preceding the Petition Date constituted a preferential transfer. If the Trustee is to avoid an allegedly preferential transfer pursuant to section 547(b) of the Bankruptcy Code, he must satisfy the elements set forth in the statue itself:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor
before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

    (A) on or within 90 days before the date of the filing of
    the petition; . . . and

 (5) that enables such creditor to receive more than such
creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the
    extent provided by the provisions of this title.

11 U.S.C. § 547(b). According to the Defendant, the Trustee failed to adequately plead

that the $480,000 transfer was on account of an antecedent debt, and that Defendant was

entitled to less than $480,000 in the Debtors' chapter 7 cases. The Court agrees.

    The Court finds that the Trustee inadequately pleaded the existence of an

antecedent debt. A complaint must provide sufficient facts detailing the nature of the

alleged antecedent debt. *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R.

189, 912 (Bankr. D. Del. 2003). Simply reciting "the elements of section 547 in place of any

factual allegations is insufficient to withstand a motion to dismiss." *Gellert v. Lenick Co.

(In re Crucible Materials Corp.)*, No. 10-55178, 2011 WL 2669113, at *4 (Bankr. D. Del. July

6, 2011). The Defendant correctly attests that the Complaint does not provide any factual

details about the antecedent debt. The Trustee's Complaint contains no description of

Defendant much less a description of the nature of the relationship between the

Defendant and the Debtors. The Complaint provides no detail of any contracts between

the parties nor any description of the goods and/or services exchanged. The Complaint

merely states that "Defendant was a creditor of the Debtors . . . by virtue of supplying

goods and/or services for which Debtors were obligated to pay" and that the $480,000 transfer "either reduced or fully satisfied a debt or debts then owed by Debtors to Defendant." Compl. ¶¶ 22, 24. Such generic allegations fail to sufficiently plead an antecedent debt. *See In re Crucible Materials*, 2011 WL 2669113, at *4.

Similarly, the Court finds that the Trustee failed to sufficiently plead that the Defendant received more than it would have in a chapter 7 liquidation. The Defendant asserts that the Complaint merely parrots the language of section 547(b)(5), without providing any specific factual allegations. In the Trustee's opposition brief, the Trustee asks the Court to consider additional facts not present in the Complaint, which allegedly demonstrate that the Defendant received more than it would have in a hypothetical chapter 7 bankruptcy. "Even if these allegations could support a [preference] claim," the Court finds "it is improper for [the] Trustee[] to raise these allegations for apparently the first time in [his] opposition brief." *Zazzali v. Wavetronix LLC (In re DBSI, Inc)*, 445 B.R. 351, 358-59 (Bankr. D. Del. 2011). As a result, the Court will grant the Motion and dismiss Count I.

### B.    Count II – Avoidance of Fraudulent Transfer

In the Complaint's second Count, the Trustee alleges that the $480,000 payment constitutes a constructive fraudulent transfer. In order to avoid a transfer as constructively fraudulent pursuant to section 548(a)(1)(B) of the Bankruptcy Code, the plaintiff must show, as is relevant here, that the transfer was made within two years of the petition date; the debtor "received less than a reasonably equivalent value in exchange for such transfer;" and the debtor:

(I)     was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer . . . ;

(II)    was engaged in business or a transaction . . . for which any property remaining with the debtor was an unreasonably small capital; [or]

(III)   intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debt matured.

As in Count I, the Defendant argues that the Trustee mechanically recites the elements of the claim and thus the Court should dismiss Count II pursuant to Rule 12(b)(6). Again, the Court agrees.

The Trustee asks the Court to consider factual allegations raised in his opposition brief. As previously stated, the Court will only consider factual allegations contained in the Complaint. *In re DBSI*, 445 B.R. at 358-59. Because the Complaint only provides a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," the Court will grant the Motion with respect to Count II of the Complaint. *Iqbal*, 556 U.S. at 678.

### C.     Counts III and IV – Recovering Avoidable Transfers and Disallowing Claims

In the Complaint's third and fourth Counts, the Trustee seeks to recover the $480,000 payment from the Defendant under section 550(a), and disallow any claims held by Defendant until the Defendant returns the payment to the Debtors' estates pursuant to section 502(d). Compl. ¶¶ 37-45. However, the Court can only grant the Trustee the relief made available under sections 550(a) and 502(d) if the Court finds that the transfer is avoidable under sections 547 or 548. Because the Court held that the Trustee failed to adequately plead a credible avoidance claim, the Court will dismiss Counts III and IV.

### D.    Leave To Amend

The Trustee requests leave to amend the Complaint. Federal Rule of Civil Procedure 15(a), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, provides that granting a party's request for leave to amend its complaint is within the sound discretion of the court.[4] Granting such leave is within the court's discretion and courts favor allowing amendments. *See, e.g.*, *In re Valley Media, Inc.*, 288 B.R. at 192-93; *In re Crucible Materials*, 2011 WL 2669113, at *4-5. Yet, a court should dismiss a complaint with prejudice if amendment would be futile. *See Gavin Solmonese, LLC v. Shyamsundar (In re Amcad Holdings, LLC)*, 579 B.R. 33, 42 (Bankr. D. Del. 2017). Futility of amendment exists when "the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." *Id.* (quoting *PCT v. Authentic Specialty Foods, Inc. (In re Fleming Cos.)*, 347 B.R. 163, 167 (Bankr. D. Del. 2006)).

The Defendant asks the Court to dismiss all of the Complaint's Counts with prejudice because amendment would be futile. The Trustee asserts that if granted leave to amend, he can address any deficiencies the Court may find in his Complaint by pleading with additional particularity. Specifically, the Trustee can explain how the parties argued over whether the Debtors owed the Defendant for unpaid legal services, that the parties entered a settlement agreement resolving the dispute, and that the Debtors transferred $480,000 to the Defendant pursuant to the settlement agreement. The

---

[4] Federal Rule of Civil Procedure 15(a)(2) reads as follows: "[If not amending as a matter of right], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

absence of such material information from the Complaint weighed heavily in the Court's decision to grant the Motion.

Defendant argues that the Third Circuit's holding in *Lewis v. Diethorn*, 893 F.2d 648 (3d Cir. 1990) establishes that amendment of Trustee's preference claim would be futile because there the court held that settlement payments cannot be made on account of an antecedent debt. *Id.* at 650. In *Lewis*, a builder filed for bankruptcy shortly after entering into a settlement agreement in which he paid prospective homebuyers $15,500 to resolve a dispute between the parties; in exchange the homebuyers lifted a *lis pendens* on the property at issue. *Id.* at 649. The builder's bankruptcy estate sought to recover the $15,500 payment to the homebuyers as an avoidable preference. *Id.* The Third Circuit held that "[w]hat [the debtor] received [from the settlement payment] was not the freedom from liability on an antecedent debt, but the freedom from the risk of litigation, together with the rise in the value of the property which resulted when the *lis pendens* was [removed from the property index]." *Id.* at 650.

Here, the Debtors also transferred payment pursuant to a settlement agreement, but the Court distinguishes the instant case from the *Lewis* decision and finds more persuasive the cases which the Trustee cites. In *Peltz v. New Age Consulting Servs., Inc.*, 279 B.R. 99 (Bankr. D. Del. 2002), this court determined that when a debtor transferred payment in settlement of a defendant's fraud claim, the transfer constituted a payment made on account of an antecedent debt. The *New Age* court found the holding in *Lewis* "inapposite" to its ruling because "the Court in *Lewis* also based its decision in part on its finding that 'even if the transfer had been for an antecedent debt, it would have been in

satisfaction of an equitable lien, an obligation which would also have defeated the trustee's avoidance power.'" *Id.* at 104 (quoting *Lewis*, 893 F.2d at 650). Because the Debtors' settlement payment in the instant case was not in satisfaction of an equitable lien, the Court finds that the Trustee may be able to claim an avoidable preference transfer if granted leave to amend.

Many courts both inside and outside the Third Circuit criticize the *Lewis* holding, and the Court's decision to allow the Trustee to amend his preference claim is consistent with this abundant case law. *See, e.g.*, *Baker Hughes Oilfield Operations, Inc. v. Cage (In re Ramba, Inc.)*, 416 F.3d 394, 399 n.2 (5th Cir. 2005) ("Baker Hughes cites *Lewis* . . . for the general proposition that, when a debtor pays a creditor in exchange for the creditor's dismissal of a lawsuit, said payment is not made 'for or on account of an antecedent debt.' The Third Circuit's opinion in *Lewis*, however, has been criticized for its assumption, without analysis, that a transfer that serves to secure a present benefit cannot *also* serve as payment of an antecedent debt.") (internal citations omitted); *Forman v. Bankr. Estate of Metal Founds., LLC (In re Metal Founds., LLC)*, No. 13-2337, 2014 WL 232354, at *3 (Bankr. W.D. Pa. Jan. 21, 2014) ("The *Lewis* decision has been oft-criticized and not widely followed."); *Nathan & Miriam Barnert Mem'l Hosp. Ass'n v. Onward Healthcare, Inc. (In re Nathan & Miriam Barnert Mem'l Hosp. Ass'n)*, No. 07-02261, 2009 WL 3230789, at *7 (Bankr. D.N.J. Oct. 5, 2009) ("Here, however, unlike the purchasers in *Lewis*, [the defendant] would not have held an equitable lien which would trump the trustee's avoidance powers had the transfer not been made."); *Bioplasty, Inc. v. First Tr. Nat'l Ass'n (In re Bioplasty, Inc.)*, 155 B.R. 495, 499 (Bankr. D. Minn. 1993) ("The [*Lewis*] opinion contains no

analysis whatsoever, and simply makes a conclusory statement that the payments were made for one reason rather than another."). Accordingly, the Court grants the Trustee leave to amend Count I.

Further, the Defendant argues that the Court should dismiss the Trustee's fraudulent transfer claim with prejudice because the Trustee cannot logically claim that the settlement payment was made in exchange for less than reasonably equivalent value, while simultaneously asserting in his preference claim that it was made to satisfy an antecedent debt. Defendant cites *In re Amcad*, 579 B.R. at 41-42 and *Miller v. Elway Co. (In re Elrod Holdings Corp.)*, 421 B.R. 700, 714 (Bankr. D. Del. 2010) for the proposition that a payment on a preexisting debt constitutes an exchange for reasonably equivalent value – i.e., a preference transfer action bars a fraudulent transfer claim. The Trustee argues, and the Court agrees, that the Defendant misinterprets the court's holdings. The court did not find that a payment on a preexisting debt always constitutes an exchange for reasonably equivalent value; rather, it found that the *Trustees failed to provide sufficient facts or arguments that show* that the transfers otherwise lacked reasonably equivalent value. *See In re Amcad*, 579 B.R. at 41-42; *In re Elrod*, 421 B.R. at 714. Because the Trustee argues that he can show that the Debtors received less than reasonably equivalent value by further pleading the "rich factual background" of the case, the Court will grant the Trustee leave to amend Count II.

Lastly, the Defendant asks the Court to dismiss Counts III and IV with prejudice because the Trustee's preference and fraudulent transfer claims should be dismissed with prejudice. Both parties agree that Counts III and IV are dependent on Counts I and II. The

Court granted leave to amend Counts I and II. As a result, the Court also grants the Trustee leave to amend Counts III and IV.

### CONCLUSION

For the foregoing reasons, the Court will grant the Defendant's Motion but dismiss the Complaint without prejudice.  The Court will allow the Trustee 30 days from the date of the Order giving effect to the Memorandum Opinion to file an amended complaint.

Dated: November 14, 2018

_____
KEVIN GROSS, U.S.B.J.